UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE RIVERA,<br>　　　　Petitioner,<br>　　v.<br>PATRICK COVELLO,<br>　　　　Respondent. | Case No. 21-cv-06520-HSG<br><br>**ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND** |

Petitioner, an inmate at Mule Creek State Prison, commenced this *pro se* action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. Dkt. No. 1. On October 4, 2021, the Court screened the petition (Dkt. No. 1) and found that the petition stated the following cognizable claim for federal habeas relief: Petitioner's right to due process was violated when the jury was instructed with CALCRIM No. 1193. Dkt. No. 12. Petitioner has filed an amended petition. Dkt. No. 14, which is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the amended petition is DISMISSED with leave to amend.

**BACKGROUND**

According to the amended petition, Petitioner was found guilty in Alameda County Superior Court of two counts of lewd acts upon a child under the age of 14 (Cal. Penal Code § 288(a)) and one count of continuous sexual abuse of a child (Cal. Penal Code § 288.5(a)), both involving substantial sexual conduct (Cal. Penal Code § 1203.066(a)(8)); two counts of lewd acts upon a child who was 14 or 15 years old and at least 10 years younger than Petitioner (Cal. Penal Code § 288(c)(1)); two counts of oral copulation with a person under the age of 18 (Cal. Penal

1  Code § 288(b)(1)); two counts of sexual penetration by a foreign object of a person under the age
2  of 18 (Cal. Penal Code § 289(h)); two counts of forcible rape (Cal. Penal Code § 261(a)(2)); and
3  one count of sexual penetration by a foreign object of an unconscious person. Petitioner was
4  sentenced to a total term of forty years. Dkt. No. 14 at 1.

## DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Amended Petition

The amended petition makes the following two claims.

First, the amended petition argues that the sentence imposed is unlawful and violates due process because the trial court violated state court rules and law when it sentenced Petitioner to the aggravated high term on numerous counts based upon the same elements of the charged offenses. Dkt. No. 14 at 2-4. Petitioner does not cite to, or reference, federal law in this claim. An alleged error in interpretation or application of state law is not a ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's claim that his sentence violates state rules or law does not state a cognizable claim for federal habeas relief. The claim that Petitioner's sentence violated state law is DISMISSED with prejudice.

Second, the amended petition argues that trial counsel rendered ineffective assistance of counsel, in violation of the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to properly prepare a defense and communicate with Petitioner. The amended petition identifies the following inactions as ineffective assistance: failure to object to the introduction of evidence, failure to convey or establish a credible defense, failure to afford Petitioner the opportunity to provide counsel with credible evidence to contradict the information presented by

1  the prosecution, failure to prepare, failure to communicate with Petitioner clearly, failure to call
2  key witnesses on Petitioner's behalf, failure to "point and bring up all of the above," failure to
3  understand Petitioner's concern of potential bias in seating a jury with eleven women, and failure
4  to listen to Petitioner's concern that there was an "imposture witness." Dkt. No. 14 at 5-48.
5  Petitioner also provides a "Chronology Statement of Facts" and identifies 25 statements made
6  during trial by various witnesses. Dkt. No. 14 at 7-9.

7  This claim is DISMISSED with leave to amend because the amended petition has only
8  proffered conclusory allegations of ineffective assistance. The amended petition has not
9  sufficiently identified what actions or inactions constituted ineffective assistance of counsel. For
10 example, it is unclear what evidence should have been objected to and how the failure to object
11 prejudiced Petitioner; what credible defense was available and not pursued; what information
12 Petitioner had that he was unable to provide counsel with; or what key witnesses were not called.
13 Rule 2(c) of the Rules Governing Habeas Corpus cases requires a detailed statement of the federal
14 habeas claim. The habeas rule instructs the petitioner to "specify all the grounds for relief
15 available to [him or her]" and to "state the facts supporting each ground." Rule 2(c), Rules
16 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see
17 also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his
18 claims with sufficient specificity). A prime purpose of Rule 2(c)'s demand that habeas petitioners
19 plead with particularity is to assist the district court in determining whether the state should be
20 ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56
21 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim
22 and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v.
23 Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970). Because it appears that Petitioner could correct this
24 deficiency, the Court GRANTS Petitioner leave to amend.

25 The amended petition does not raise the claim previously found cognizable in the initial
26 petition, that Petitioner's right to due process was violated when the jury was instructed with
27 CALCRIM No. 1193. An amended petition replaces all prior petitions and any claims not
28 included in an amended petition will be waived. *Cf. London v. Coopers & Lybrand*, 644 F.2d 811,

814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."). By not including this claim in the amended petition, Petitioner has waived this claim of instructional error and the Court may not consider this claim. If Petitioner did not intend to waive this instructional error claim, he should raise it in the second amended petition.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. The amended petition's claim that Petitioner's sentence violated state law is DISMISSED with prejudice, and the claim that Petitioner's trial counsel was ineffective is DISMISSED with leave to amend. Within twenty-eight (28) days of the date of this order, Petitioner shall file a second amended petition. The second amended petition must include the caption and civil case number used in this order (21-cv-06520 HSG) and the words "SECOND AMENDED PETITION" on the first page. Because an amended petition completely replaces the previous petitions, Petitioner must include in his second amended petition all the claims he wishes to present. Petitioner may not incorporate material from the prior petitions by reference. Failure to file a second amended petition in accordance with this order will result in dismissal of this action either for failure to prosecute under Federal Rule of Civil Procedure 41(b) or for failure to state a cognizable claim for federal habeas relief.

**IT IS SO ORDERED.**

Dated: 11/10/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge