UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME RIVERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD,<br><br>　　　　　Respondent. | Case No. 21-cv-06520-HSG<br><br>**ORDER SCREENING SECOND AMENDED PETITION; GRANTING NUNC PRO TUNC EXTENSION OF TIME TO FILE SECOND AMENDED PETITION; GRANTING EXTENSION OF TIME TO FILE TRAVERSE; RESETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 17, 19, 22 |

Petitioner, an inmate at San Quentin State Prison,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. His second amended petition (Dkt. No. 19) is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court GRANTS *nunc pro tunc* Petitioner's request for an extension of time to file his second amended petition, Dkt. No. 17, and GRANTS his request for an extension of time to file his traverse, Dkt. No. 22. His second amended petition is deemed timely filed.

**BACKGROUND**

**I.　Procedural Background**

On or about August 23, 2021, Petitioner commenced this action by filing an unsigned

---

[1] The Clerk of the Court is directed to substitute Warden Ron Broomfield in place of the previously named respondent because Warden Broomfield is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

petition for a writ of habeas corpus (Dkt. No. 1) with this Court.  Dkt. No. 1.  Petitioner filed the signature page on or about September 6, 2021.  On October 4, 2021, the Court screened the petition and found that it stated the following cognizable claim for federal habeas relief: Petitioner's right to due process was violated when the jury was instructed with CALCRIM No. 1193.  Dkt. No. 12.

On or about October 22, 2021, Petitioner filed an amended petition.  Dkt. No. 14.  The amended petition did not raise the due process / instructional error raised in the initial petition.  Dkt. No. 14.  Instead, the amended petition raised the following two claims: (1) the sentence imposed was unlawful and violated due process because it violated state court rules and law by sentencing Petitioner to the aggravated high term on numerous counts based upon the same elements of the charged offenses; and (2) trial counsel rendered ineffective assistance of counsel.  Dkt. No. 14 at 2-48.  The first claim (sentencing error) was dismissed with prejudice because it only alleged state law error which does not state a cognizable claim for federal habeas relief.  The second claim (ineffective assistance of trial counsel) was dismissed because it relied on conclusory allegations which are insufficient to state a cognizable federal habeas claim.  The Court granted Petitioner leave to amend the second claim (ineffective assistance of trial counsel).  Dkt. No. 15.  Because the amended petition did not include the due process claim previously found cognizable in the initial petition, that claim was waived by the amended petition.  Dkt. No. 15.

**II.     Case Background**

According to the second amended petition, on or about May 11, 2018, Petitioner was sentenced to an aggregate term of forty years in prison, after being convicted by an Alameda County jury of twelve counts of sexual offenses against minors.  Dkt. No. 19 at 13.

Petitioner appealed his conviction to the state appellate court, where the conviction and judgment were affirmed but the judgment was modified to reflect 454 days' credit for time served.  Dkt. No. 1-2 at 16-17.  In 2020, the California Supreme Court denied his petition for review.  Dkt. No. 1 at 3.  Petitioner does not report having filed any state habeas petition.  Dkt. No. 1 at 3.

//

//

# DISCUSSION

## I. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## II. Second Amended Petition

The second amended petition is the same as the initial petition, but with the addition of four handwritten pages pointing out purported inconsistencies in the evidence. *Compare* Dkt. No. 1 *with* Dkt. No. 19. The second amended petition does not raise any ineffective assistance of counsel claims. Like the initial petition, the second amended petition states one cognizable claim for federal habeas relief: Petitioner's right to due process was violated when the jury was instructed with CALCRIM No. 1193. *See generally* Dkt. No. 19. Liberally construed, this claim appears cognizable under Section 2254 and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## III. Resetting Briefing Schedule

The Court has already ordered service upon Respondent, and Respondent has acknowledged receipt of the October 4, 2021 Order to Show Cause. Dkt. Nos. 12, 13. Respondent has filed an answer to the October 4, 2021 Order to Show Cause. Dkt. No. 21. Because the October 4, 2021 Order to Show Cause requires Respondent to show cause regarding the same claim as found cognizable in this order, the Court finds that Respondent's December 30, 2021 Answer answers Petitioner's due process claim. The Court GRANTS Petitioner's request for an extension of time to respond to the Answer. Dkt. No. 22. Petitioner shall file a traverse with the Court and serve it on Respondent by March 4, 2022.

//

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Clerk of the Court is directed to substitute Warden Ron Broomfield in place of the previously named respondent because Warden Broomfield is Petitioner's current custodian.

2. The Court GRANTS *nunc pro tunc* Petitioner's request for an extension of time to file his second amended petition. Dkt. No. 17. His second amended petition is deemed timely filed.

3. The Court GRANTS Petitioner's request for an extension of time to respond to the Answer. Dkt. No. 22.

4. The Court finds that the operative petition, the second amended petition, docketed at Dkt. No. 19, states the following cognizable claim for federal habeas relief: Petitioner's right to due process was violated when the jury was instructed with CALCRIM No. 1193.

5. The Court resets the briefing schedule as follows. Respondent's December 30, 2021 Answer answers Petitioner's due process claim. Dkt. No. 21. Petitioner shall file a traverse with the Court and serve it on Respondent by March 4, 2022.

This order terminates Dkt. Nos. 17, 22.

**IT IS SO ORDERED.**

Dated: 2/11/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge